**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                               **1:05-cr-272-02-WSD**

**ANTHONY OPOKU,**

                              **Defendant.**

## ORDER

This matter is before the Court on Defendant Anthony Opoku's Objections

to the Magistrate Judge's Report and Recommendation [46].  Magistrate Judge

Janet F. King's Report and Recommendation [44] (the "Report and

Recommendation") on Defendant's Motion to Suppress Statements [28] was

entered on October 14, 2005.  Defendant objects to the finding in the Report and

Recommendation that Mr. Opoku was not in custody when his statement was made

and further objects to the conclusion that <u>Miranda</u> warnings were not required to be

given to Defendant before he was questioned by federal law enforcement agents.

(Def.'s Objections to R&R at 1-2.)

Defendant and the Government do not dispute the facts[1] set out in the

Report and Recommendation and they are accepted as the Court's findings of fact.

*Discussion*

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v.

Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112

(1983).  A district judge "shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection

is made."  28 U.S.C. § 636(b)(1)(C).  This requires that the district judge "give

fresh consideration to those issues to which specific objection has been made by a

party."  Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512

(11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)).

Defendant Opoku objects to the Magistrate Judge's conclusion that he was

not in custody and thus that the federal agents who questioned him were not

---

[1] Defendant disputes the factual finding in the Report and Recommendation that he was not in custody, but he does not dispute the facts describing the circumstances in which his statement was given.

2

required to give <u>Miranda</u> warnings before he was questioned.  Defendant relies on

the same arguments he asserted in support of his Motion to Suppress.  He does not

provide any new or additional authority for his claim that his in-home questioning

was improper without <u>Miranda</u> warnings being given.

The Court carefully has reviewed the factual findings and legal conclusions

reached in the Report and Recommendation.  It is well-settled that "[a] person

taken into custody must be advised of his right to remain silent and his right to

counsel prior to any interrogation."  <u>United States v. Muegge</u>, 225 F.3d 1267,

1269-70 (11th Cir. 2000).  The advisement is required "only if the interrogation was

custodial in nature."  <u>Id.</u> at 1270.  The test for determining if a person is in custody

is whether "under the totality of the circumstances, a reasonable man in the

suspect's position would feel a restraint on his freedom of movement fairly

characterized as that 'degree associated with the formal arrest' to such extent that

he would not feel free to leave."  <u>Id.</u> (citing <u>United States v. Phillips</u>, 812 F.2d 1355

(11th Cir. 1987)).  "[T]he reasonable person from whose perspective 'custody' is

defined is a reasonable *innocent* person."  <u>United States v. Moya</u>, 74 F.3d 117, 119

(11th Cir. 1996).  That an investigation "has focused on a suspect does not trigger

the need for <u>Miranda</u> warnings in non-custodial settings."  <u>Phillips</u>, 812 F.2d at

1360 (citations omitted).  "A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at the particular time [of the questioning]; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation."  Berkemer v. McCarty, 468 U.S. 420, 421-22 (1984).

The test, applied here, compels the conclusion that the questioning of Defendant was not custodial.  Defendant invited agents into his home knowing they wanted to question him regarding certain firearms purchases.  The questioning lasted only about an hour, and took place at Defendant's dining room table. Defendant was not handcuffed or threatened, and the agents' weapons were concealed.  Defendant was not told he could not leave his home and was not prevented from moving about within his home while the agents were there.[2]  These facts, viewed in their totality, convincingly support that a reasonable person in these

---

[2]  Defendant exercised his freedom to move within his home.  He got up from the table several times, left the table to speak with his wife, and walked within his house.  (Transcript of Evidentiary Hearing on Motion to Suppress held on August 11, 2005, at 18-19.)  That agents, in the interest of their safety, either accompanied or observed Defendant as he walked about his home, does not, taking into account the totality of the circumstances, support a conclusion that this questioning was custodial.

circumstances would not have considered himself to be restrained in his freedom of

movement.  Accordingly, the Court agrees with the Report and Recommendation's

findings and conclusions, and,

    **IT IS HEREBY ORDERED** that Defendant's Objections to the Magistrate

Judge's Report and Recommendation [46] are **OVERRULED** and Defendant's

Motion to Suppress Statements [28] is **DENIED**.

    **SO ORDERED**, this 29th day of December, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE